ORIGINAL

FILED
JAN 29 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THOMAS STINE

Plaintiff

v.

UNITED STATES OF AMERICA

Defendant

No. 08-63 C

COMPLAINT

COMES NOW Plaintiff Thomas Stine, by and through counsel, and for his Complaint does state:

NATURE OF ACTION

1. Plaintiff was wrongfully discharged from the United States Navy without being given the correct percentage rating for service-connected disabilities.

JURISDICTION AND VENUE

2. This Court has jurisdiction to hear cases founded under the laws of the Unites States or the Constitution seeking monetary damages from the United States Government. 28 U.S.C. 1491(a)(1). This code gives this court jurisdiction to hear cases against the United States Navy.
3. This is an action seeking judicial review of a Federal Government action, i.e., the United States Navy, within six years from the action in question. 28 U.S.C. Section 2501.
4. The amount in controversy is over $10,000 of back benefits, pay, and interest if said

interest is permissible by Congress. 28 U.S.C. 1346(a)(2).

PARTIES

5. Plaintiff Thomas Stine served in the United States Navy (herein "Navy") from January 27, 1976 to June 25, 1979 and from January 22, 1986, until January 31, 2002. Plaintiff was discharged under "Honorable" conditions, at the rank of EOC and pay grade of E-7, and with a one time disability severance pay at 10 percent.
6. Defendant The Hon. Donald C. Stine is the Secretary of the Navy, and is a named defendant in his official capacity.
7. Defendant Department of the Navy is the United States government agency that Plaintiff served in as an enlisted member.

FACTUAL ALLEGATIONS

Plaintiff's Military Service

8. Plaintiff is a Peacetime and Gulf War Era veteran: Plaintiff served in the Navy from January 27, 1976 to June 25, 1979 and from January 22, 1986 to January 31, 2002.

Department of Veteran's Administration determination of Plaintiff's disabilities.

9. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability at a combined rating of 100%.
10. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for anxiety disorder/major depressive disorder/post traumatic stress disorder (PTSD) with an evaluation of 70 percent effective February 1, 2002.
11. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for bulging disc, degenerative changes, lumbosacral strain with an

evaluation of 40 percent effective February 1, 2002.

12. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for asthma with an evaluation of 30 percent effective February 1, 2002.
13. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for irritable bowel syndrome and hiatal hernia with gastroesophageal refulx disease (GERD) with an evaluation of 30 percent effective February 1, 2002.
14. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for temporomandibular joint dysfunction (TMJ) is grated with an evaluation of 10 percent effective February 1, 2002.
15. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for hypertension with an evaluation of 10 percent effective February 1, 2002.
16. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for tinnitus with an evaluation of 10 percent effective February 1, 2002.
17. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for eczema, arms and legs with an evaluation of 10 percent effective February 1, 2002.
18. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for sinusitis, chronic, with rhinitis (claimed as allergies) with an evaluation of 10 percent effective February 1, 2002.
19. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for residuals, status post left talus avulsion fracture with an evaluation

of 10 percent effective February 1, 2002.

20. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for tarsal tunnel syndrome, bilateral with an evaluation of 10 percent effective February 1, 2002.

21. On or about July 30, 2002, the Department of Veteran's Affairs reestablished Plaintiff's compensation for planta fibromatosis, left foot and right foot, with an evaluation of 10 percent for each foot, effective February 1, 2002.

22. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff service connected disability for thyroid condition with an evaluation of 0 percent effective February 1, 2002.

23. On or about July 30, 2002, the Department of Veteran's Affairs awarded Plaintiff basic eligibility to Dependents' Educational Assistance.

FIRST CLAIM FOR RELIEF
REINSTATEMENT INTO THE US ARMY

24. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above, as it fully set forth herein.

25. The Navy's decision of January 31, 2002, to discharge Plaintiff contained manifest error and were clearly erroneous because these decisions made conclusions that were either contradicted or not supported by Plaintiff's military personnel file, and contrary to the Veterans' Administration's July 30, 2002 award for service connected disability benefits starting February 1, 2002.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas Stine prays this Court to enter judgment in favor of the Plaintiff as follows:

26. Holding the Navy's January 31, 2002, decision to discharge Plaintiff as unlawful or improper and setting aside his discharge.
27. Holding the Plaintiff is entitled to back pay and benefits over $10,000 stemming from his improper release date of January 31, 2002.
28. Holding a military medical examination board for Plaintiff in accordance with the Department of Veteran's Affairs disability ratings.
29. In the alternative, finding Plaintiff medically retired at a rating in correlation to the Department of Veteran's Affairs disability findings of Plaintiff.
30. Awarding Plaintiff his costs and attorneys fees; including Equal Act to Justice Act fees.
31. Granting such other relief as the Court deems just and proper.

Dated: January 29, 2008

Respectively Submitted,

LAW OFFICE OF MICHAEL D.J. EISENBERG
ATTORNEY AND COUNSELOR AT LAW

Michael D.J. Eisenberg
700 12th Street, NW
Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
michael@eisenberg-lawoffice.com
Lead counsel for Thomas Stine