IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS STINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-63 C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Defendant respectfully files this status report in light of the Court's August 12, 2008 order.

The Court has set a status conference for August 19, 2008, "for the purpose of determining how long defendant requires to complete its investigation and file a response to plaintiff's complaint, and for the purpose of determining what actions, if any, the parties and the Court can take to expedite the process." The Court directed that the Government "ensure that representatives of any agencies involved in the process of obtaining plaintiff's medical records, including but not necessarily limited to the Department of Justice, the Navy, and the Department of Veterans Affairs, are available at the status conference."

The Department of Veterans Affairs (VA) records in this case include Mr. Stine's military service medical record, which the VA obtained from the Navy incident to its evaluation and treatment of Mr. Stine, and VA medical records from

VA Medical Facilities in Columbus, Ohio, Dayton, Ohio, Lexington, Kentucky, and San Diego, California. As set forth in our August 12, 2008 motion for an enlargement of time, the Navy received from the VA a copy of Mr. Stine's records on July 20, 2008. The Navy has redacted and scanned these records and is forwarding a copy to Mr. Stine's counsel today.

Should the Court desire to address at the status conference the Government's efforts to obtain these records based upon a concern that Navy and Government counsel did not diligently pursue these records, the Government would be pleased to address these concerns at the status conference. We have refrained from chronology as a part of this status report because it does not not appear relevant to the stated purpose of the status conference.

With respect to the VA documents, because numerous individuals from the VA were contacted and involved, no one individual can address the reasons for the time required for the VA's production of Mr. Stine's records. Given that counsel now posses the VA records required to prepare our response to the complaint and that no VA representative can address the Government's prospective need for additional time to investigate and respond to Mr. Stine's allegations, the Government is unclear as to what information that the Court expects that a VA

representative should be prepared to provide to the Court and, for that reason, who might serve as an appropriate VA representative.

The only further investigation the Government now requires is to discuss Mr. Stine's allegations and the record with former Lieutenant Stacy Pintar, JAGC, USNR (Ms. Pintar). Mr. Stine raised as an issue in this action certain legal advice he allegedly received from Ms. Pintar. Ms. Pintar met with and advised Mr. Stine prior to his scheduled formal Physical Evaluation Board (PEB) hearing. In support of his petition to the Board for Correction of Naval Records, Mr. Stine offered as evidence of error his allegation that Ms. Pintar provided him incorrect legal advice upon which he relied and based his decision to voluntarily waive the formal PEB hearing. After Government counsel contacted Ms. Pintar, Ms. Pintar sought and received advice both from the Judge Advocate General and her state bar regarding her ethical obligations. Counsel for Mr. Stine and the Government discussed this matter and Mr. Stine, on August 6, 2008, provided counsel a waiver of privileges as to the advice he received from Ms. Pintar for the purpose of permitting the Government to respond to his allegations. Ms. Pintar recently was away from her office on vacation and for business travel and Government counsel has discussed the matter with her today.

Upon review of Mr. Stine's VA records, Government counsel anticipates discussing with Mr. Stine's counsel the contents of the administrative record to be filed with the Court, any need for redactions, and the possibility of seeking the Court's leave to file the record under seal.

Based upon review of the Navy records, counsel currently anticipates filing a motion for judgment based upon the administrative record in response to the complaint. Counsel for the Navy and Government are discussing draft arguments, which we expect to be revised based upon a review of the entire record and conversations with Ms. Pintar. The possibility exists that counsel will ask Ms. Pintar to prepare a declaration to address Mr. Stine's allegations.

Given that the VA has provided Government counsel Mr. Stine's records, there does no appear to be a need for the Court to engage the VA regarding the Government's need for further investigation and time to respond to Mr. Stine's allegations. Although the possibility exists that the parties may have issues regarding the filing of the record, we would expect that counsel will be able to reach amicable agreement on those issues so as not to delay the Government's proposed filing of its response to the complaint on or before September 15, 2008.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Martin F. Hockey, Jr.
Kirk T. Manhardt
Assistant Director

OF COUNSEL:
LCDR Marc S. Brewen
JAGC, USN
Office of the Judge
Advocate General

/s/ John. S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8260
Fax: (202) 514-7965
jack.groat@usdoj.gov

August 13, 2008

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on August 13, 2008, a copy of the foregoing DEFENDANT'S STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/John S. Groat