# In the United States Court of Federal Claims

| | |
|---|---|
| THOMAS STINE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-63 C<br><br>Filed August 14, 2008 |

## ORDER

On August 12, 2008, defendant filed an unopposed motion for extension of time (docket entry 10). In lieu of granting the motion, the Court set a status conference for Tuesday, August 19, 2008 (docket entry 11), for the purpose of "determining how long defendant requires to complete its investigation and file a response to plaintiff's complaint, and for the purpose of determining what actions, if any, the parties and the Court can take to expedite the process."

In its status report, defendant described the steps it has taken thus far and plans to take in the near future to complete its investigation and file a response to plaintiff's complaint. Defendant stated that it obtained a copy of plaintiff's medical records from the Department of Veterans Affairs ("VA") on July 20, 2008 and that these records were forwarded to plaintiff's counsel on August 13, 2008. Defendant stated that it anticipates filing a response no later than September 15, 2008, the date requested as a deadline in defendant's unopposed motion for enlargement of time.

Defendant does not request that the Court modify its order setting a status conference, and the Court would not be inclined to do so under the circumstances. However, defendant does state that it is unclear as to the information the Court expects from a VA representative and therefore is unable to identify a representative to participate in the status conference.

The Court, as stated in the August 12, 2008 order, is concerned about the difficulties defendant has encountered obtaining plaintiff's medical records, difficulties that have resulted in defendant filing several motions for enlargement of time. In view of this concern, the Court offers the following clarification. An appropriate person at the VA would be an individual who

can speak to the internal processes and regulations which caused the delay in obtaining plaintiff's medical records, resulting in the several extensions of time filed by defendant.

The Court hereby **ORDERS** that the parties participate in a status conference on Tuesday, August 19, 2008 at 10:00 a.m., as set forth in its August 12, 2008 order, including paragraphs one through four of that order, setting forth the Court's requirements in greater specificity.

**IT IS SO ORDERED**.

s/ George W. Miller
GEORGE W. MILLER
Judge